**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRYAN W. BATES,**

      **Petitioner,**

    **v.**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION**

    **CASE NO. 2:14-CV-01325
    JUDGE ALGENON L. MARBLEY
    Magistrate Judge Elizabeth P. Deavers**

<u>**OPINION AND ORDER**</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition* as amended (ECF Nos. 1,4, 5), Respondent's *Motion to Dismiss*, *Supplemental Memoranda* in support and *Response to Petitioner's Amendment to Habeas Petition* (ECF Nos. 8-13, 21, 26) Petitioner's *Reply* (ECF No. 22), and the exhibits of the parties.  For the reasons that follow, Respondent's *Motion to Dismiss* is **GRANTED.**  This action is hereby **DISMISSED**.

Petitioner's *Motion for Evidentiary Hearing* (ECF No. 16) is **DENIED.**

Petitioner's *Motion(s) to Expand the Record* (ECF Nos. 17, 23) are **GRANTED** in part and **DENIED** in part.

Petitioner's *Motion for leave to file In Forma Pauperis* for the purpose of issuing subpoenas and obtaining documents for an evidentiary hearing (ECF No. 18) is **DENIED** as moot.

**I.**

This case involves Petitioner's March 27, 2008 convictions after a jury trial in the Guernsey County Court of Common Pleas on twelve counts of pandering sexually oriented matter involving a child and thirty counts of illegal use of a minor in nudity oriented material.

1

The trial court imposed an aggregate term of thirteen years incarceration.  On January 22, 2009, the Ohio Fifth District Court of Appeals affirmed Petitioner's convictions.  *State v. Bates*, 2009 WL 154555 (Ohio App. 5th Dist. Jan. 22, 2009).  On June 17, 2009, the Ohio Supreme Court dismissed the appeal.  *State v. Bates*, 122 Ohio St.3d 1410 (2009).

On May 12, 2010, Petitioner filed his first federal habeas corpus petition in this Court. *Bates v. Knab*, Case No. 2:10-cv-420.  On August 17, 2011, the Court entered judgment dismissing the case without prejudice as unexhausted.  *Id.*  Petitioner subsequently pursued various collateral proceedings in the state courts.

On April 26, 2011, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  (ECF No. 8-2, PageID# 644.)  On June 15, 2011, the appellate court denied the application as untimely.  PageID# 668.  On October 5, 2011, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  PageID# 695.  The Ohio Fifth District Court of Appeals further summarized the procedural history of this case as follows:

> On April 26, 2011, appellant filed a motion to correct his sentence pursuant to Crim. R. 32(C).  By judgment entry filed May 23, 2011, the trial court amended the April 18, 2008 judgment entry of sentence to specify that appellant was convicted by a jury of his peers.
>
> On June 1, 2011, appellant filed a motion to correct amended judgment entry to comport with Crim. R. 32(C).  On August 4, 2011, the trial court ordered appellant to submit a proposed draft of the entry of clarification regarding Crim. R. 32(C).
>
> On August 8, 2011, appellant filed a motion to correct sentence, arguing allied offenses of similar import. By entry filed August 12, 2011, the trial court denied the motion, noting the issue should have been raised on direct appeal.
>
> On August 22, 2011, appellant filed a proposed draft of the entry for clarification regarding Crim. R. 32(C) as directed by the trial

court. On August 26, 2011, the trial court filed a judgment entry of sentence pursuant to Civ. R. 60(A), again sentencing appellant to an aggregate term of thirteen years in prison.

On August 29, 2011, appellant filed a motion for reconsideration on the allied offenses issue. By entry filed October 19, 2011, the trial court denied the motion.

On November 21, 2011, appellant filed a request for hearing to correct sentence pursuant to R.C. 2929.14 and 2929.41 and *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856. By entry filed January 24, 2012, the trial court denied the request.

Appellant filed three appeals, Case No. 11 CA000016 on the trial court's May 23, 2011 order amending the sentencing entry, Case No. 11 CA000026 on the trial court's August 12, 2011 entry denying appellant's motion to correct sentence regarding allied offenses, and Case No. 11 CA000033 on the trial court's August 26, 2011 judgment entry on sentencing. Because the arguments in each case are basically identical, we will address them collectively.

This matter is now before this court for consideration. Assignments of error in Case No. 11 CA000016 are as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS WHERE THE TRIAL COURT USED FACTS OUTSIDE THE FOUR CORNERS OF THE AFFIDAVIT TO ESTABLISH PROBABLE CAUSE, WHERE THE AFFIDAVIT UPON WHICH THE SEARCH WARRANT WAS BASED DID NOT ESTABLISH PROBABLE CAUSE, CONTAINED FALSE, MISLEADING AND STALE INFORMATION."

"THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED BECAUSE THE CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE."

"THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

"THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS THE COURT DID NOT DETERMINE SPOUSAL COMPETENCY PRIOR TO THE DEFENDANT'S WIFE TESTIFYING."

"THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ALLOWING THE STATE'S WITNESS TO TESTIFY 'WITHIN A REASONABLE DEGREE OF SCIENTIFIC CERTAINTY' WITHOUT BEING PROPERLY CERTIFIED AS AN EXPERT IN A SCIENTIFIC FIELD OF STUDY AND WITHOUT INSTRUCTION TO THE JURY REGARDING SCIENTIFIC TEST RESULYS [*sic*]."

"THE TRIAL COURT ERRED AS A MATTER OF LAW AND AN ABUSE OF DISCRETION BY ALLOWING HEARSAY TESTIMONY FROM FEDERAL AGENT'S (SIC) THAT VIOLATED APPELLANT'S CONFRONTATION CLAUSE RIGHTS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION."

"THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS APPELLANT'S SENTENCE WAS CONTRARY TO LAW."

"THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION WHEREAS, THE STATE FAILED TO PROVIDE THE DEFENDANT WITH A WRITTEN REPORT SUMMARIZING THE EXPERT WITNESS'S TESTIMONY, FINDINGS, ANALYSIS, CONCLUSIONS, OR OPINION PURSUANT TO CRIMINAL RULE 16(K)."

Assignments of error in Case No. 11 CA000026 are as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS, APPELLANT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO APPLY ALL OHIO REVISED CODE STATUTORILY MANDATED SENTENCING PROVISIONS TO THE APPELLANT'S FORTY–TWO COUNT CONVICTION."

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS, APPELLANT'S CONVICTIONS FOR PANDERING SEXUALLY ORIENTED MATTER INVOLVING A MINOR AND ILLEGAL USE OF A MINOR IN NUDITY ORIENTED MATERIAL OR PERFORMANCE ARE ALLIED OFFENSE OF SIMILAR IMPORT."

"THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION, COMMITTED PLAIN ERROR AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS UNDER THE 14TH

AMENDMENT OF THE U.S. CONSTITUTION, AND SEC. 16, ART. I OF THE OHIO CONSTITUTION, WHEN AT THE SENTENCING IT FAILED TO APPLY ALL OHIO REVISED CODE STATUTORILY MANDATED SENTENCING PROVISIONS, SPECIFICALLY WHETHER APPELLANT'S CONVICTIONS WERE ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25."

Assignments of error in Case No. 11 CA000033 are as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS WHERE THE TRIAL COURT USED FACTS OUTSIDE THE FOUR CORNERS OF THE AFFIDAVIT TO ESTABLISH PROBABLE CAUSE, WHERE THE AFFIDAVIT UPON WHICH THE SEARCH WARRANT WAS BASED DID NOT ESTABLISH PROBABLE CAUSE, CONTAINED FALSE, MISLEADING AND STALE INFORMATION."

THE DEFENDANT'S RIGHT TO DUE PROCESS OF LAW WAS VIOLATED BECAUSE THE CONVICTIONS WERE BASED ON INSUFFICIENT EVIDENCE ."

"THE DEFENDANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

"THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS THE COURT DID NOT DETERMINE SPOUSAL COMPETENCY PRIOR TO THE DEFENDANT'S WIFE TESTIFYING."

"THE TRIAL COURT ERRD AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ALLOWING THE STATE'S WITNESS TO TESTIFY 'WITHIN A REASONABLE DEGREE OF SCIENTIFIC CERTAINTY' WITHOUT BEING PROPERLY CERTIFIED AS AN EXPERT IN A SCIENTIFIC FIELD OF STUDY AND WITHOUT INSTRUCTION TO THE JURY REGARDING SCIENTIFIC TEST RESULTS."

"THE TRIAL COURT ERRED AS A MATTER OF LAW AND AN ABUSE OF DISCRETION BY ALLOWING HEARSAY TESTIMONY FROM FEDERAL AGENT'S (SIC) THAT VIOLATED APPELLANT'S CONFRONTATION CLAUSE RIGHTS GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION."

> "THE TRIAL COURT ERRED AS A MATTER OF LAW, WHEREAS THE APPELLANT'S SENTENCE WAS CONTRARY TO LAW."
>
> "THE APPELLANT WAS DENIED CONSTITUTIONAL RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE CONSTITUTION WHEREAS, THE STATE FAILED TO PROVIDE THE DEFENDANT WITH THE RESULTS OF THE FORENSIC EXAMINATION AND SCIENTIFIC TEST PERFORMED BY AGENT BRYANT PURSUANT TO CRIMINAL RULE 16."

*State v. Bates*, Nos. 11CA000016, 11CA000026, 11CA000033, 2012 WL 912928, at *1-3 (Ohio App. 5th Dist. March 5, 2012).  On March 5, 2012, the state appellate court rejected on the merits Petitioner's claim that his sentence violated *State v. Foster*, 109 Ohio St.3d 1 (Ohio 2006), also holding that "the May 23, 2011 judgment entry and the August 26, 2011 judgment entry of sentence complies with Crim. R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008–Ohio– 3330."  *Id.* at *5.  The appellate court declined to address the merits of Petitioner's remaining claims as barred under Ohio's doctrine of *res judicata*.  *Id.* at *3.  On July 5, 2012, the Ohio Supreme Court denied the appeal.  *State v. Bates*, 132 Ohio St.3d 1463 (Ohio 2012).

> While the three appeals were pending. . . appellant filed a motion for reconsideration and to correct the sentence in the trial court, which the court overruled. The court also overruled a later motion to correct the sentence. Appellant filed a notice of appeal on February 23, 2012, taken from the court's overruling of his most recent motion to correct the sentence.
>
> On February 29, 2012, appellant filed a petition to vacate or set aside the judgment or conviction or sentence. On March 5, 2012, we filed our opinion in Bates II. The trial court overruled the petition to vacate or set aside the judgment of conviction or sentence on March 14, 2012.  In April 2012, appellant filed a notice of appeal from that decision, which was originally assigned the case number 12–CA–10, but which we subsequently consolidated with case number 12–CA–06.

*State v. Bates*, No. 2012-CA-06, 2012-CA-10, 2012 WL 4358265, at *1-2 (Ohio App. 5th Dist.

Sept. 24, 2012).  On September 24, 2012, the appellate court affirmed the judgment of the trial

court.  *Id.*  Petitioner did not pursue an appeal with the Ohio Supreme Court.

> In April of 2012, appellant filed a motion to vacate and correct his sentence based upon the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 952 N.E.2d 1108 (2011), which held that defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA. The State of Ohio agreed with appellant that the AWA, as codified in R.C. 2950, was improperly applied to appellant when he was sentenced and that appellant should be classified pursuant to the version of R .C. 2950 in effect at the time appellant committed the offenses, also known as Megan's Law. Appellant filed a second motion to vacate and correct his sentence on May 1, 2012.

> The trial court initially set appellant's motions for hearing on October 1, 2012. On August 23, 2012, the trial court granted appellant's motion for standby counsel. On August 27, 2012, appellant filed a motion for court appointed forensic expert for the sex offender classification hearing, stating this expert would provide a meaningful review and comprehensive analysis of the alleged computer evidence in question. Appellant also filed a motion for court appointed psychologist to assist in determining the recidivism factors in his case. Further, appellant filed subpoenas for multiple individuals who testified during his original trial to appear for the sex offender classification hearing. Based on the pendency of the Bates III appeal, the trial court continued the hearing scheduled for October 1, 2012.

> On December 7, 2012, the trial court scheduled a hearing for sex offender classification on March 1, 2013. Appellant again subpoenaed multiple individuals, including those who testified at his original trial. On January, 4, 2013, the trial court issued an entry denying appellant's motion for forensic expert and court-appointed psychologist. In a January 7, 2013 motion, appellant requested the trial court allow him to view his pre-sentence investigation documents and victim impact statements so that he could make arguments regarding the statutory factors listed in R.C. 2950.09(B)(2). The trial court denied appellant's motion to view the documents. Appellee filed a motion to quash subpoenas on January 31, 2013, stating they did not oppose appellant being

classified as a sexually oriented offender and thus no evidence need be presented pursuant to R.C. 2950.09(B), dealing with evidence required to classify an individual as a sexual predator. The trial court granted appellee's motion to quash on February 1, 2013.

The trial court held a classification hearing on March 1, 2013. The trial court found that appellant's convictions were pursuant to R.C. 2907.322(A)(1) and that in applying R.C. 2950.01(D)(1)(b)(i), "there would be * * * a duty to register once a year for ten years." The trial court reiterated his decision in granting appellee's motion to quash subpoenas because appellee agreed appellant would be classified under the lowest permissible classification under Megan's Law and that the hearing was limited to a sexual offender classification hearing, not a resentencing hearing. The trial court then stated it was required to make a finding of whether there is or is not clear and convincing evidence to establish that appellant is a sexual predator. The trial court stated as follows, "And the proposed finding of the Court would be there is not clear and convincing evidence to establish the defendant is a sexual predator, as there would be no factors before the Court." After asking appellant if he objected to that proposed finding, appellant stated, "No, Your Honor." The trial court explained the registration requirements to appellant and asked appellant if he needed further explanation of the registration requirements. Appellant stated he did not need further explanation of the registration requirements. The trial court then reviewed with appellant the penalties for failing to register.

On March 1, 2013, the trial court issued a judgment entry and notice of duties to register as sexually oriented offender. The judgment entry detailed the registration requirements after appellant's release from prison, stated the length of appellant's registration requirement, and included the penalties for failure to register. The judgment entry states that "the Court has specifically informed the Defendant of his duties pursuant to O.R.C. Section 2950.04 as set forth above, and the Defendant has indicated to the Court an understanding of those duties." Appellant signed the judgment entry on March 1, 2013 under the "Acknowledgment" section stating that "I hereby acknowledge that the above requirements as set forth by the Ohio Revised Code Chapter 2950 have been explained to me, and I understand these requirements." Also on March 1, 2013, the trial court issued a judgment entry following a sexual predator hearing finding that appellant is found not to be a sexual predator for the purposes of sex offender registration. The trial court did not make findings of fact in this

judgment entry. Appellant appeals the trial court's March 1, 2013 judgment entries and assigns the following errors:

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE TRIAL COURT REVISIT[ED] ITS OWN FINAL ORDER FAILING TO VACATE THE APPELLANT'S SENTENCE THAT VIOLATE[S] SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.

"II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE COURT ABUSED ITS DISCRETION BY FAILING TO CORRECTLY APPLY THE STATUTORILY MANDATED TERM R.C. 2950 AS WRITTEN AND INTENDED BY THE GENERAL ASSEMBLY.

"III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE APPELLANT'S JUDGMENT OF CONVICTION PURSUANT TO CRIM.R. 32(C) IS INVALID.

"IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS [THE COURT] FAILED TO ADVISE THE APPELLANT OF HIS RIGHT TO APPEAL.

"V. APPELLANT'S SENTENCE IS CONTRARY TO LAW.

"VI. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE COURT DENIED THE APPELLANT'S MOTION FOR DISCOVERY."

*State v. Bates*, No. 13 CA 9, 2013 WL 5786040, at *1-3 (Ohio App. 5th Dist. Oct. 24, 2013). On October 24, 2013, the appellate court affirmed the judgment of the trial court. *Id*. On March 12, 2014, the Ohio Supreme Court dismissed the appeal. *State v. Bates*, 138 Ohio St.3d 1436 (Ohio 2012).[1]

On August 21, 2014, Petitioner executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was convicted in violation of the Fourth Amendment (claim one); that the evidence is constitutionally insufficient to sustain his

---

[1] Petitioner also filed several motions for a new trial. The trial court denied all of Petitioner's motions for a new trial. (ECF No. 10-1, PageID# 1361, 1365.)

convictions (claim two);[2] that the trial court improperly admitted expert testimony, scientific evidence, hearsay testimony, and failed to properly instruct the jury (claims three through six); that he was denied the effective assistance of counsel (claim seven); denied a fair trial due to prosecutorial misconduct and a "broken chain of custody" (*Petition*, ECF No. 1, PageID# 14)(claims eight and nine); that the state appellate court improperly refused to address his claims as barred under Ohio's doctrine of *res judicata* (claim ten); he was convicted in violation of the Double Jeopardy Clause (claim eleven); the trial court improperly imposed consecutive sentences upon consideration of a victim impact statement (claim twelve); and that he is being confined on an illegal sentence (claim thirteen).

It is the position of the Respondent that Petitioner's claims are barred by the one-year statute of limitations under 28 U.S.C. § 2254 or otherwise fail to provide a basis for relief.

## II.

### A.  Motions for Expansion of the Record

As a preliminary matter, the Court addresses Petitioner's Motions for Expansion of the Record.  Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the court "may direct the parties to expand the record by submitting additional materials relating to the petition."   Expansion of the record "'is not mandatory . . . and is left to the discretion of the trial judge.'"  *Beuke v. Houk*, 537 F.3d 618, 654 (6th Cir. 2008) (quoting *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)).

Petitioner requests the Court to order the Respondent to provide transcripts of the motion to suppress, trial, and sentencing hearing; the search warrant; "ICE Report No. 6 and Report No. 3"; Petitioner's discovery request; "Yahoo Management Tool"; "Suddenlink Records"; 2004

---

[2] Petitioner also asserts that he is innocent of the charges against him.  This claim is addressed *infra.*

court records; "Chat"; "Mid West Data Report"; yahoo tutorials; affidavits attached to his petitions for post conviction relief; the Bill of Particulars; his recorded statement to police and the expert witness' forensic report; other exhibits he has attached to the *Petition*, including the Affidavit of Kay Davis; the victim impact statement; and "any and all scientific test results" known to Respondent to support testimony of the prosecution's expert witness. *Request to Expand the Record* (ECF No. 17, PageID# 2361.) Petitioner additionally requests the Court to expand the record to include correspondence to the attorney who represented him in his prior federal habeas corpus proceedings and the traverse in that case. *Additional Motion to Expand Record* (ECF No. 23.)

Petitioner has attached many of these documents to his *Petition* and its amendments. To the extent that Petitioner seeks to expand the record to include these documents for consideration by the Court, Petitioner's *Motion(s) to Expand the Record* (ECF Nos. 17, 23), are **GRANTED.** To the extent he requests any material not already a part of the record in this case, Petitioner's motion is **DENIED**. Any such documents will not assist the Court in determining whether relief is warranted.

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

11

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)　　The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

All of Petitioner's claims, with the exception of claims ten and thirteen, plainly relate to his initial judgment entry of conviction and sentence.  Petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A) on September 14, 2009, ninety days after the Ohio Supreme Court's June 17, 2009, dismissal of his direct appeal, when the time period expired to file a petition for a writ of *certiorari* with the United States Supreme Court.  *See Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006) ("[S]tatute of limitations does not begin to run until the time for filing a petition for a writ of *certiorari* for direct review in the United States Supreme Court has expired.") (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (internal citation omitted.)  The statute of limitations began to run on the following day, and expired one year later, on September 15, 2010.  Petitioner waited approximately four years later, until August 21, 2014, to file the instant habeas corpus petition.  The time period during which his prior federal habeas corpus petition remained pending did not toll the running of the statute of limitations.  28

U.S.C. § 2244(d)(2).  Further, none of Petitioner's subsequent state court filings tolled the running of the statute of limitations, as he filed all such actions after the statute of limitations had already expired.  "'The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'"  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D. N.Y. 1998)).

Petitioner argues that his judgment of conviction did not become a final judgment under Ohio law until proceedings concluded challenging the trial court's August 26, 2011, corrected entry of sentence, or the March 1, 2013, judgment entry finding Petitioner to be a sexually oriented offender.  (ECF No. 22, PageID# 2479-2482.)  However, the state appellate court rejected Petitioner's argument that the corrected judgment entries constituted final judgments of conviction:

> Appellant argues the trial court omitted the phrase nunc pro tunc when correcting the 2008 sentence on August 26, 2011. He asserts this gives rise to a new right of appeal, noting that the judgment contains language stating it is a final appealable order.
>
> A trial court has specific limited jurisdiction to enter a corrected entry, but not to enter a new sentencing entry unless directed to do so after appeal. The trial court's judgment entry must either be treated as a nunc pro tunc entry or a complete nullity because the court lacked jurisdiction to enter a new judgment.
>
> In *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142, the Ohio Supreme Court held a nunc pro tunc judgment entry issued for the sole purpose of complying with the rule governing contents of a judgment of conviction by correcting a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken.  *Lester* held when the substantive provisions of the governing Rule are contained in judgment of conviction, the trial court's omission of how the defendant's conviction was effected, i.e., the "manner of

conviction," does not prevent the judgment of conviction from being an order that is final and subject to appeal. Syllabi by the court, paragraphs 1, 2, and 3. The Supreme Court explained the absence of the language required by Crim. R. 32(C) indicating how the conviction was effected does not deprive the appellant of any opportunity to appeal the conviction or sentence. Id., at paragraph 17.

Appellant has not been deprived of the opportunity to appeal his conviction and sentence, as evidenced by the fact these are his fifth and sixth appeals to this court.

We find despite the language in the entry that it constitutes a final appealable order, the sentencing entry to correct the sentence to reflect the requirements of Crim. R. 32(C) does not constitute a new final appealable order.

*State v. Bates*, 2012 WL 4358265, at *5-6.  Similarly, the appellate court rejected Petitioner's claims with respect to the trial court's order regarding his sexual offender classification:

Appellant argues that the trial court's order setting a sexual offender classification hearing vacated appellant's entire sentence because the trial court utilized the word "resentencing" in its initial entry setting the hearing and thus the trial court erred when it did not conduct a de novo sentencing hearing and instead conducted only a reclassification hearing. Appellant also contends that the trial court was required to conduct a de novo sentencing hearing rather than simply a classification hearing. We disagree.

If there is an error in classification, only the portion of the defendant's sentence classifying him incorrectly under the sex offender classification system is void. *State v. Hurst*, 5th Dist. No. 12–CA–20, 2012–Ohio–6075. If an appeals court determines a defendant has been improperly classified, the remedy for this improper classification is to remand the matter to the trial court for classification proceedings in accordance with the law in effect at the time the offenses were committed. *State v. Dillon*, 5th Dist. No. CT11–0062, 2012, 2012–Ohio–773. The sex offender classification proceedings under Megan's Law were determined by the Ohio Supreme Court to be civil in nature and are separate and distinct from an offender's underlying criminal conviction and sentence. *State v. Wood*, 5th Dist. No. 09–CA–205, 2010–Ohio–2759, citing *State v. Cook*, 83 Ohio St.3d 404, 1998–Ohio–291, 700 N.E.2d 570 (1998); and *State v. Williams*, 88 Ohio St.3d 513, 527, 728 N.E.2d 342 (2000).  Accordingly, the trial court in this

case did not err as a matter of law in failing to conduct a de novo sentencing hearing due to the incorrect classification. In this case, due to the Ohio Supreme Court's ruling in *State v. Williams*, 129 Ohio St.3d 344, 952 N.E .2d 1108 (2011), appellant was incorrectly classified under the AWA. The trial court thus properly conducted a classification hearing in accordance with Former R.C. 2950, Megan's Law, in effect at the time the offenses were committed.

The trial court utilized the term "resentencing" in its August 10, 2012 judgment entry setting for hearing appellant's "motion to resentence him according to the statutorily mandated sentencing scheme in place at the time his crimes were allegedly committed." Due to the pendency of the *Bates III* appeal, the original date set for the hearing was continued. On December 7, 2012, the trial court again set the classification hearing and specifically stated that appellant's entire sentence is not void pursuant to  , 132 Ohio St.3d 318, 972 N.E.2d 509, 2012–Ohio–1908 (2012).  We find the use of the word "resentencing" in the trial court's initial entry setting hearing does not vacate appellant's entire sentence, See State v. Bates, 5th Dist. Nos.2012–CA–06, 2012–CA–10, 2012–Ohio–4360, and the trial court properly granted appellant's request by reclassifying him according to the statutorily mandated sentencing scheme (i.e. Megan's Law) in place at the time his crimes were committed. The trial court did not err in failing to vacate appellant's entire sentence.

Appellant's first assignment of error is overruled.

*State v. Bates*, 2013 WL 5786040, at *3-4.  Thus, neither the trial court's correction of a clerical error nor Petitioner's classification as a sexually oriented offender constituted new judgments that re-started the running of the statute of limitations with regard to Petitioner's claims on his underlying convictions.[3]  *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007) (designation as a sexual predator does not re-start the running of the statute of limitations period with respect to challenges to the underlying conviction).  Courts have distinguished *Bachman* where a state

_____

[3] This Court defers to a state court's interpretation of its own laws. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Troiano v. Warden, Ross Correctional Inst.*, No. 2:12-cv-940, 2015 WL 196405, at *9-10 (citations omitted).

court "threw out" the initial judgment entry and remanded the case for re-sentencing.  *See Rashad v. Lafler*, 675 F.3d 564, 568 (6th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147 (2007) (*per curiam*) (where a state court vacates a Petitioner's sentence and remands the case for re-sentencing, the judgment of conviction does not become final until imposition of the new sentence).  This case, however, is distinguishable from those cases because the state courts did not vacate Petitioner's sentence or remand the case for re-sentencing.  *See King v. Bunting*, No. 1:13CV250, 2014 WL 2864422, at *9 (N.D. Ohio June 24, 2014)("Restarting the AEDPA statute of limitations after a resentencing to correct technical sentencing errors. . . would undermine the provisions of the AEDPA and resurrect claims that could have been raised years earlier") (citing *Eberle v. Warden*, 532 F. App'x 605, 610 (6th Cir. 2013) (not every modification that can be made to a sentence automatically re-starts the limitations period); *Mackey v. Warden, Lebannon Corr. Inst.*, 525 F. App'x 357, 361 (6th Cir. 2013) ("Nothing in the federal habeas statute requires that a judgment be valid under state law") (citing *Frazier v. Moore*, 252 F. App'x 1 (6th Cir. 2007)).  Thus, the corrected sentencing entries did not delay the start date of the running of the statute of limitations.

Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate.  In order to establish entitlement to equitable tolling, Petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion.  *Hall v. Warden, Lebannon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011).  The United States Supreme Court established this two-part "extraordinary circumstance" test in *Holland v. Florida*, 560 U .S.641, 649 (2010) (citing *Pace,* 544 U.S. at 418)).  Petitioner bears the burden of demonstrating that he is entitled to equitable tolling.  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

Petitioner argues that the Court should equitably toll the running of the statute of limitations because he timely filed his first federal habeas corpus petition.  He contends that his attorney representing him in those proceedings waited eleven months before filing the habeas corpus petition and forged Petitioner's signature.  (ECF No. 22, PageID# 2482-83.)  Petitioner has attached various exhibits in support.  (ECF 22, PageID# 2497-2512.)  Petitioner contends that the Court should have stayed proceedings in that case in order to permit him to exhaust state court remedies.  PageID# 2483.  Petitioner maintains that he has acted diligently in pursuing relief.  PageID# 2484-85.

The timeliness of Petitioner's prior federal habeas corpus petition and the actions of his attorney representing him in that matter are not now at issue before this Court.  Likewise, not now at issue is whether Petitioner should have previously been granted a stay.[4]  Moreover, the Court is not persuaded that Petitioner has acted diligently in pursuing relief.  Petitioner's conviction became final in September 2009.  He waited until August 2014 to file this habeas corpus petition.  Nothing prevented him from timely seeking relief.

Petitioner claims he is innocent of the charges against him.  Actual innocence may justify the equitable tolling of the statute of limitations.  *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005):

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808.  Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

---

[4] The Magistrate Judge determined that a stay was not warranted.  *Bates v. Warden, Chillicothe Corr. Inst.*, Case No. 2:10-cv-420 (ECF No. 13.)  Petitioner did not object to the recommendations of the Magistrate Judge.

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Id*. at 589–90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of new evidence.'" *McQuiggin v. Perkins*, -- U.S. --, --, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup*, 513 U.S. at 332, 327).

In support of his claim of actual innocence, Petitioner argues that the evidence is constitutionally insufficient to sustain his convictions.  He refers to a Midwest Data report dated February 2008 (ECF 1-11, PageID# 132), facts "missed at trial" (ECF No. 22, PageID#2487). He claims that prosecution witnesses lied.  PageID# 2487-89.  Petitioner also has submitted various affidavits in support of his claim that he is actually innocent.

Petitioner has submitted the *Affidavit of Joshua Bates*.  (ECF No. 1-19, PageID# 210.) Joshua is Petitioner's son.  Joshua indicates that between June 1, 2007, and April 1, 2008, he resided at Jaquelyn Drive in Byesville, Ohio.  He used his father's computer, as did every member of the family.  According to Joshua, [the victim] told him that she testified against Petitioner because police threatened her.  Petitioner also has attached the Affidavit of Madison Bates, (ECF No. 1-18, PageID# 208), and Affidavit of Morgan Miller, his daughters.  Madison

and Miller indicate that they used Petitioner's computer, as did all family members.  Miller also indicates that [the victim] told her she had been threatened by police.  Petitioner has attached the Affidavit of Jessica Bates.  (ECF No. 1-20, PageID# 211.)  Jessica is Petitioner's daughter-in-law.  She indicates that she resided at Jaquelyn Drive in Byesville, Ohio, from June 1, 2007 to April 1, 2008, and that other family members had use of Petitioner's computer.  [The victim] told Jessica that police threatened her.  *Id.*  Petitioner has attached the Affidavit of Kay Davis RN, CCRN, CHFN.  (ECF No. 1-21, PageID# 212).  Davis indicates in relevant part that she is "not aware of any scientific test used by the medical field that can be performed on a digital or printed image that would determine the age of the person portrayed in the image" and that the medical field uses the "Tanner method" to determine the growth and development of a child under which a photograph must exhibit certain indicators and needs to be of high resolution and size.  *Id*. Petitioner also has attached various exhibits that were available or presented at the time of trial.

Petitioner's claim that the evidence is constitutionally insufficient to sustain his conviction does not amount to a claim of actual innocence.  The United States Supreme Court has held that a free standing claim of actual innocence fails to present an issue appropriate for federal habeas corpus relief.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also House v. Bell*, 547 U.S. 518, 555 (2006)(declining to resolve whether a free standing actual innocence claim may bar a defendant's execution); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007). Further, Petitioner has failed to establish a claim of actual innocence.  The evidence he refers to in support of his claim is not new evidence that was unavailable or not already presented at the time of trial.  Review of the record reveals that Petitioner cannot establish a convincing claim of actual innocence. Thus, Petitioner has failed to establish he is entitled to equitable tolling on this basis.

### C. Claims Ten and Thirteen

Assuming that the statute of limitations does not bar consideration of claims ten and thirteen, these claims nonetheless fail to provide a basis for relief.

In claim ten, Petitioner asserts that the trial court's April 2008 sentencing entry was invalid and the corrected August 26, 2011 sentencing entry gave him the right to a new appeal. *Petition* (ECF No. 1, PageID# 74-75.)  In claim thirteen, Petitioner again asserts that his sentence is void.  (ECF No. 5.)  These claims present issues regarding the State's interpretation of its own law.  A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law."  28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Estelle v. McGuire*, 502 U.S. at 67–68 (1991).  Therefore, a federal habeas court can only consider whether the alleged error violated a federal constitutional right.  These claims fail to raise issues of federal constitutional magnitude.

Claims ten and thirteen fail to provide a basis for relief.

### III.

For the foregoing reasons, Petitioner's *Motion for Evidentiary Hearing* (ECF No. 16) is **DENIED.** Petitioner's *Motion(s) to Expand the Record* (ECF Nos. 17, 23) are **GRANTED** in part and **DENIED** in part.  Petitioner's *Motion for leave to file In Forma Pauperis* for the purpose of issuing subpoenas and obtaining documents for an evidentiary hearing (ECF No. 18)

is **DENIED**, as moot.    This action is hereby **DISMISSED**.    The Clerk is **DIRECTED** to

terminate this action.

      **IT IS SO ORDERED.**


                    _s/Algenon L. Marbley_

DATED:  September 10, 2015                  **ALGENON L. MARBLEY**
                                        **United States District Judge**